**IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT OF COLORADO**

Civil Action No. _____

KAREN ALEXANDER, Individually and On behalf of
her Minor Children, and All Others Similarly Situated,

      Plaintiff(s),

v.

SALUD FAMILY HEALTH, INC., a Colorado corporation,

      Defendant.

---

## DEFENDANT'S NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. § 1442 and D.C. Colo. L.Civ.R. 81.1, Defendant Salud Family Health, Inc. ("Salud") gives notice of removal of this action from the District Court of Weld County, Colorado (the "State Court") to this Court. Salud is a federally qualified health center, it is being sued for actions arising out of the performance of medical or related functions within the scope of its employment as a federal officer, and it has a colorable federal defense of qualified immunity. This action is thus within this Court's original jurisdiction and properly removed under 28 U.S.C. §§ 1442, 1446, and 1453.

      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served on counsel for Plaintiff and filed with the Clerk of the District Court of Weld County, Colorado, as an exhibit to a Notice of Filing of Notice of Removal. In support of removal to this Court, Salud states as follows:

## I.      INTRODUCTION

1.      Salud is a community health center that receives federal grant funds under Section 330 of the Public Health Services Act in exchange for providing health care to populations that are medically underserved.  At all relevant times, the Secretary of the U.S. Department of Health and Human Services ("HHS") has deemed Salud and its officers, governing board members, and Public Health Service ("PHS") employees protected under 42 U.S.C. § 233(a).  That protection is an absolute immunity from *any* civil action or proceeding for a deemed individual or entity's performance of (or alleged failure to perform) medical or related functions within the scope of that individual's or entity's deemed federal employment.  42 U.S.C. § 233(a) *et seq*.; *Mixon v. CareSouth Carolina, Inc.*, No. 4:22-cv-00269-RBH, 2022 WL 1810615, at *4 (D.S.C. June 2, 2022) ("Courts have found 233(a) immunity where job functions are interwoven with providing medical care.") (internal quotations and ellipses omitted) (collecting cases).

2.      Plaintiff's claims fall within this absolute statutory protection.  According to Plaintiff's Class Action Complaint and Jury Demand (the "Complaint"), this civil action arises out of Salud's alleged failure to safeguard Personal Identifying Information ("PII"), Protected Health Information ("PHI"), and other confidential information (collectively, "Private Information") that patients provided to Salud for the provision of health care services.  Plaintiff alleges that Salud's inadequate data security allowed an unauthorized individual to access this Private Information from Salud's computer systems.  Plaintiff seeks damages as well as declaratory and injunctive relief.

3.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1442(a)(1) (known as the federal officer removal statute), which authorizes the "United States

or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof" to remove a civil action from state court "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

4.      In collecting and maintaining the Private Information as part of providing medical care to its patients, Salud was a person "acting under" the direction of a federal officer (HHS), and there is a "causal nexus" between Salud's federally directed activities—"maintain[ing] the confidentiality of patient records," 42 U.S.C. § 254b(k)(3)(C)—and Plaintiff's data breach claims. *See Mixon*, 2022 WL 1810615, at *2–5; *see also Doe v. Neighborhood Healthcare*, No. 3:21-cv-01587-BEN-RBB, 2022 WL 17663520, at *6-7 (S.D. Cal. Sep. 8, 2022); *Ford v. Sandhills Med. Found., Inc.*, No. 4:21-cv-02307-RBH, 2022 WL 1810614, at *4-6 (D.S.C. June 2, 2022); *Mele v. Hill Health Ctr.*, No. 3:06-cv-455 (SRU), 2008 WL 160226, at *2–4 (D. Conn. Jan. 8, 2008). Moreover, Salud has the colorable federal defense of absolute immunity to Plaintiff's claims under 42 U.S.C. § 233(a) because of its PHS-employee status. *See, e.g.*, *Mixon*, 2022 WL 1810615, at *2.

5.      Because Salud is entitled to removal to this Court under 28 U.S.C. § 1442, Salud asks the Court to issue any orders required to maintain this action in this Court and that further proceedings be conducted in this Court as provided by law.

## II.      PROCEDURAL HISTORY

6.      On December 9, 2022, Plaintiff served copies of the Summons and Complaint and on Salud.  The action is captioned *Plaintiff Karen Alexander, Individually and On Behalf of her Minor Children and All Others Similarly Situated v. Salud Family Health, Inc.*, Civil Action 2022-CV-30848, and was filed in the District Court of Weld County, Colorado.  Pursuant to 28 U.S.C.

§ 1446(a), true and correct copies of the Summons and Complaint are attached as **Exhibits A** and **B**, respectively.  True and correct copies of the docket sheet and all other filings in the State Court action are attached as **Exhibit C**.

7.      This Notice of Removal is filed within 30 days of service of the Summons and Complaint and is thus timely under 28 U.S.C. § 1446(b).

8.      The District Court of Weld County, Colorado is located within this judicial district. *See* 28 U.S.C. § 85.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

### III.      LEGAL AND FACTUAL BACKGROUND

**A.      The Statutory Framework under 42 U.S.C. § 233(a).**

9.      Under 42 U.S.C. § 233, PHS personnel are immune from any civil action or proceeding "resulting from the performance of medical, surgical, dental or related functions . . . while acting within the scope of [their] office or employment[.]"  42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the Federal Tort Claims Act ("FTCA") the exclusive remedy for such actions. *Id.*

10.     To achieve its purpose, the grant of absolute immunity to PHS personnel under 42 U.S.C. § 233(a) is "broad" and "comprehensive." *Hui v. Castaneda*, 559 U.S. 799, 806, 810 (2010) (immunity is broad enough to "easily accommodate both known and unknown causes of action").

11.     The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) ("FSHCAA"), 42 U.S.C. § 233(g) *et seq.*, authorizes the HHS Secretary to extend to certain federally funded health centers and their officers, directors, and employees (and certain

contractors) the same protection that § 233(a) affords to individual PHS employees. That protection grants "absolute immunity . . . for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui*, 559 U.S. at 806.

12.     A favorable deeming determination by the Secretary (which confers immunity) is "final and binding" on HHS, the Attorney General, and "other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(D)–(F). But a negative is not final and binding. *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1271 (D.C. Cir. 2005) (recognizing statute's "final and binding" clause does not apply to a negative deeming determination). Upon a negative deeming determination, the FSHCAA contemplates that the applicant would have a reasonable opportunity to pursue, among other options, challenging the Secretary's decision under the APA or procure private malpractice insurance. *See El Rio Santa Cruz*, 396 F.3d at 1272.

13.     By requiring a prompt and advance deeming determination, which constitutes a final and binding determination on all parties for a specified and prospective period, and conferring absolute immunity for that period, the FSHCAA is meant to eliminate a federally funded health center's need to purchase (expensive) private liability insurance for actions arising out of the performance of medical or related functions within the scope of their employment and in so doing allows centers to devote their federal grant funds to patient services (rather than insurance premiums).

14.     When a civil action or proceeding is brought against a deemed PHS employee, the entity has a duty to deliver the pleadings to the grantor agency's designated representative, which

is HHS's Office of General Counsel ("OGC").  *See* 42 U.S.C. § 233(b).  HHS is in turn required to promptly deliver copies of the pleadings to the Attorney General and appropriate United States Attorney.  *See id.*  The PHS employee need not separately furnish notice on the Attorney General. *See Doe*, 2022 WL 17663520, at *4.

15.     Upon notification of a state court action against a deemed individual or entity (which is confirmed by a Notice of Deeming Action), the Attorney General (through the U.S. Attorney) has a mandatory (non- discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding."  *Id*. § 233(*l*)(1).  The report to the state or local court of the HHS Secretary's deeming determination is also "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility."  *Id*. § 233(*l*)(1);  *cf*. 28 U.S.C. § 2679(d)(3).

16.     If, despite that mandatory duty, the Attorney General (or his or her authorized representative) fails to appear in the state court action or proceeding within 15 days of notice of the state action and remove it to federal court, the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court, with no time limit for doing so.  *See* 42 U.S.C. § 233(l)(2).  Upon removal, the state court proceeding is stayed until the federal district court conducts a "hearing" to determine the proper forum or procedure and issues an order

consistent with its determination.  42 U.S.C. § 233(*l*)(2).  Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant in his or her (or its) place.  *El Rio Santa Cruz*, 396 F.3d at 1272; *see also Est. of Booker v. Greater Philadelphia Health Action*, 10 F. Supp. 3d 656, 666 (E.D. Pa. 2014).

17.    Should the Attorney General appear within the 15-day period, but not issue a determination, the deemed individual or entity may still remove the state court action to federal court and seek substitution of the United States as the proper defendant.  *See Mixon*, 2022 WL 1810615, at *1–2.

**B.    HHS Deemed Salud as a Public Health Service Employee.**

18.    Salud is a Colorado-based nonprofit organization that receives federal funding under Section 330 of the Public Health Service Act, 42 U.S.C. § 254b, to provide healthcare to medically underserved populations.  Salud submitted deeming applications for itself and its personnel with respect to each year and all times relevant to the action to HHS.  The Secretary of HHS approved the applications and deemed Salud and its personnel as PHS employees for purposes of the protections afforded under § 233(a) *et seq.*  A true and correct copy of the Notice of Deeming Action for the calendar year 2022 is attached as **Exhibit D**.

**C.    Plaintiff's Allegations**

19.    Plaintiff alleges that Salud provides healthcare to underserved populations throughout Colorado, including migrant and refugee populations.  *See* Ex. B, Compl. ¶ 22. Plaintiff alleges that "in the ordinary course of receiving medical care services" from Salud, "each patient and/or employee must provide (and Plaintiff(s) did provide) [Salud] with sensitive,

7

personal, and private information," including, but not limited to, the Personal Information. *See id.* ¶ 24.

20.     On or around September 5, 2022, Salud discovered a data security incident involving unauthorized access to its computer systems whereby certain information may have been accessed or taken (the "Incident"). *See id.* ¶ 32. Plaintiff alleges that, during the Incident, the Private Information of at least 501 individuals was accessed and taken by "cybercriminals." *Id.* ¶¶ 32–36.

21.     Plaintiff further alleges that Salud had "obligations created by HIPAA, FTCA, contract, industry standards, common law, and representations made to Plaintiff(s) and Class Members" to keep the Private Information confidential and to protect it from unauthorized access and disclosure. *Id.* ¶ 37.

22.     Plaintiff asserts claims against Salud for negligence, negligence per se, breach of implied contract, breach of fiduciary duty, intrusion upon seclusion/invasion of privacy, unjust enrichment, declaratory judgment, and violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(1), *et seq.* All of Plaintiff's claims depend on the allegation that Salud failed to adequately maintain Plaintiff's medical information.

23.     Salud disputes the Complaint's factual allegations as well as its legal conclusions and denies that Plaintiff or any of the putative Class Members have been harmed in any way.

**D.     Salud Notified HHS of this Action in Accordance with 42 U.S.C. § 233(b) and Has Requested Substitution of the United States as the Proper Defendant.**

24.     On December 13, 2022, Salud sent a letter via electronic mail and first class mail, return receipt requested, to HHS notifying it of the action and providing HHS with copies of the Summons and Complaint. Salud requested that the United States substitute in for Salud as the

proper defendant and that the action be removed to federal court. A true and correct copy of Salud's letter to HHS is attached as **Exhibit E**.[1]

25.     That same day, Salud sent a letter via first class mail, return receipt requested, to the United States Attorney's Office for the District of Colorado notifying it of the action and also providing it with copies of the Summons and Complaint. Although Salud was not obligated to notify the Attorney General of the action, Salud did so to facilitate substitution and removal. A true and correct copy of the letter sent to the Attorney General is attached as **Exhibit F**.[2]

26.     On December 22, 2022, an Assistant United States Attorney filed a notice in the State Court action, stating that "[w]hether Defendant Salud Family Health, Inc. is deemed to be an employee of the [PHS] for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above-captioned action is under consideration." A true and correct copy of the notice filed by the United States is attached as **Exhibit G**.

27.     Although the government's notice cites 42 U.S.C. § 233(*l*)(1), it did not advise the State Court as to whether the Secretary had made favorable deeming determinations under 42 U.S.C. § 233(g) and (h) for the periods in which the events giving rise to the action occurred, nor did it remove the action to federal court, as contemplated by 42 U.S.C. § 233(*l*)(1), to preserve the status quo pending a threshold immunity determination. *See generally* Ex. G.

## IV.     LEGAL AND FACTUAL BASES FOR REMOVAL

### A.     The Court Has Subject Matter Jurisdiction under 28 U.S.C. § 1442.

28.     Title 28 U.S.C. § 1442(a)(1) permits removal of a state court civil action "that is

---

[1] Enclosures included with Salud's letter are not attached to avoid clogging the Court's docket. Salud will provide these documents upon the Court's direction.
[2] Enclosures included with Salud's letter are not attached to avoid clogging the Court's docket. Salud will provide these documents upon the Court's direction.

against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." The "basic purpose" of the statute "is to protect the Federal Government from [] interference with its operations . . . [.]" *In re Baldwin*, No. 21-cv-01233-NRN, 2021 WL 4133916, at *2 (D. Colo. Sep. 10, 2021) (quoting *Watson v. Philip Morris Co. Inc.*, 551 U.S. 142, 150 (2007)). Unlike other removal statutes, it should "be liberally construed to give full effect to th[at] purpose[]." *Colo. v. Symes*, 286 U.S. 510, 517 (1932); *Willingham v. Morgan*, 395 U.S. 402, 406–407 (1969) (the federal officer removal statute "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law"). The United States Supreme Court has cautioned that "the right of removal is absolute for conduct performed under the color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow grudging interpretation [of 28 U.S.C. § 1442]." *Ariz. v. Manypenny*, 451 U.S. 232, 242 (1981).

29.     Private defendants may remove under § 1442(a)(1) if they can show (1) they acted under the direction of a federal officer, (2) the claim asserted has a connection, association, or "causal nexus" with government-directed conduct, and (3) a colorable federal defense to the claim or claims is available. *See Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1251 (10th Cir. 2022); *see also* 28 U.S.C. § 1442(a)(1); *Greene v. Citigroup, Inc.*, No. 99-1030, 2000 WL 647190, at *2 (10th Cir. May 19, 2000); *Equity Staffing Grp. Inc. v. RTL Networks, Inc.*, 13-CV-3510-WJM-KLM, 2014 WL 2566316, at *2 (D. Colo. June 6, 2014). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (noting federal

officer removal operates as an exception to the "well-pleaded complaint" rule); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.").

   **i.** **Salud is a person "acting under" the direction of a federal officer.**

  30. "The statutory phrase 'acting under' describes 'the triggering relationship between a private entity and a federal officer.'" *Bd. of Cnty. Comm'rs of Boulder Cnty.*, 25 F.4th at 1251; *see also Watson*, 551 U.S. at 149. Although not limitless, the words "acting under" are "broad[.]" *Id.* (quoting *Watson*, 551 U.S. at 147). In this context, "under" describes a relationship between a private entity and federal superior typically involving "subjection, guidance, or control." *Id.* (internal quotations omitted). Thus, a "private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Id.* This "help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law[] . . . , even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* Rather, "there must exist a 'special relationship' between" the private firm and the federal superior. *Id.*

  31. Salud, as a health center operating a federal grant project on behalf of HHS, was a person[3] "acting under" the direction of a federal officer under § 1442 when the data breach occurred. *See Mixon*, 2022 WL 1810615, at *2 (holding health center that was also a deemed Public Health Service employee by HHS was "acting under" the direction of a federal officer for

---

3 A "person" under 42 U.S.C. § 1442(a)(1) includes "corporations." *See* 1 U.S.C. § 1; *Bd. of Cnty. Comm'rs of Boulder Cnty*, 25 F.4th at 1251 (citing *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008)).

removal under 28 U.S.C. § 1442); *see also W. Va. State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 298, 304 (4th Cir. 2022) ("clarify[ing] what it means for a private actor to 'act under' the control and guidance of a federal officer" and recognizing the "archetype case" includes "providing community medical health centers"); *Agyin v. Razmzan*, 986 F.3d 168, 176–77 (2d Cir. 2021) (holding that physician employed at federally deemed community health center under FSHCAA acted "under a federal officer" because he performed job that, but for FSHCAA, the federal government would have had to perform itself).

32.     In particular, Salud "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *See Watson*, 551 U.S. at 149; 42 U.S.C. § 254b(o) (the central office of the Health Resources and Services Administration administers Health Center grant program on behalf of the HHS Secretary). Salud is statutorily obligated to serve an area or population that the HHS Secretary designated "medically underserved." 42 U.S.C. § 254b(a)(1). Salud is thus supporting the mission of the actual PHS by performing functions that would otherwise fall within PHS's responsibilities.

### ii.     There is a Causal Nexus between Plaintiff's Claims and Salud's Acts Performed While under the Direction of a Federal Officer.

33.     A party seeking removal under 28 U.S.C. § 1442(a)(1) must show a "federal nexus between the actions for which [it is] being sued and the directives of federal officers." *Freiberg v. Swinerton & Walberg Prop. Servs.*, 245 F. Supp. 2d 1144, 1155 (D. Colo. 2002); *see* 28 U.S.C. § 1442(a)(1) (removal is available only to one "acting under" federal officer for acts "under color of such office"). The nexus requirement is established by showing that the state action "has arisen out of the acts done by [the defendant] under color of federal authority and in enforcement of federal law." *Freiberg*, 245 F. Supp. 2d at 1155. "Critical under the statute is 'to what extent

defendants acted under federal direction' at the time they were engaged in the conduct now being sued upon." *Id.* The defendant must also "by direct averment exclude the possibility that [the state action] was based on acts or conduct of his not justified by his federal duty." *Id.*

34.     Plaintiff's claims against Salud resulted from its "performance of medical … or related functions" within the scope of its deemed federal employment. 42 U.S.C. §§ 233(a), 254(b). The Complaint alleges that Salud breached its statutory duty maintain the confidentiality of their respective Private Information and, as a result, harmed its patients.

35.     Maintaining the confidentiality of a patient's health and confidential information is a "medical … or related function" within 42 U.S.C. § 233(a) and is causally related to Plaintiff's data breach claim. *See, e.g.*, *Mixon*, 2022 WL 1810615, at *2 (holding that health care center that was also a Public Health Services employee was "engaged in government-directed conduct" by "maintain[ing] the confidentiality of patient records, 42 U.S.C. § 254b(k)(3)(C)" and that such conduct was "causally linked to Plaintiff's data breach claim").

36.     The statute that governs the health center program, and makes a health center eligible for deemed status in the first place, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C); *see also Ford*, 2022 WL 1810614, at *5 ("The applicability of substitution of the United States and § 233(a) immunity is strengthened by Sandhills' statutory duty to maintain the confidentiality of patient records."); *Mixon*, 2022 WL 1810615, at *2; *Doe*, 2022 WL 17663520, at *6; *cf. Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (finding that doctor's duty to report suspected child abuse is a "related function to the doctor's performance of medical services.");

13

*Brignac v. United States*, 239 F. Supp. 3d 1367 (N.D. Ga. 2017) (recognizing that allegations of failing to report misconduct and failing to hire and retain is conduct covered under the FSHCAA); *La Casa de Buena Salud v. United States*, No. CIV 07-238 JB/RHS, 2008 WL 2323495, \*\*18–20 (D.N.M. Mar. 21, 2008) (recognizing that FSHCAA coverage under § 233(a) may extend to claims of negligent hiring, retention, and supervision).

37.     The maintenance of confidential patient records and information is a medical or related function within the scope of Salud's deemed PHS employment.  And the Complaint acknowledges, if not hinges on, the inextricable connection between the provision of health care services and the duty to maintain the confidentiality of patient information.  Ex. A, Compl. ¶ 24 (alleging that "*in the ordinary course of receiving medical care services*" from Salud, "*each patient and/or employee must provide (and Plaintiff(s) did provide) [Salud] with sensitive, personal, and private information*") (emphasis added).

### iii.     Salud has a colorable federal defense to Plaintiff's claims.

38.     The "primary purpose" of the federal officer removal statute "is to assure that defenses of official immunity applicable to federal officers are litigated in federal court." *Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir. 1990); *accord Cromar v. United States*, 816 F. App'x 235, 238 (10th Cir. 2020).

39.     As stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*, [. . .] while acting within the scope of his office or employment." 42 U.S.C. § 233(a), (g) (emphasis added).  The absolute immunity provided under § 233(a) is not limited to medical malpractice but encompasses liability arising out of "related functions"—*i.e.,*

functions related to the performance of medical, surgical, or dental functions.  42 U.S.C. § 233(a); *see, e.g.*, *Z.B. ex rel. Next Friend v. Ammonoosuc Cmty. Health Services, Inc.*, No. Civ. 03-540(NH), 2004 WL 1571988, *4 (D. Me. June 13, 2004) (phrase "related to" in regulation recognizes that § 233(a) immunity is not limited to "grant-supported activity alone" but also refers to "acts and omissions *related to*  grant-supported activity"); *see also Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14–cv–05504–JST, 2015 WL 4967257, at *1 (N.D. Cal. Aug. 20, 2015) (granting, over objection, motion by United States to substitute itself in place of deemed health center defendant in civil action asserting claims for, among other things, violation of "the Americans with\ Disabilities Act," "Civil Rights Act of 1964," and "Health Insurance Portability and Accountability Act of 1996").

40.     Multiple federal courts have held that the maintenance of confidential patient records constitutes "a medical or related function under § 233(a)." *Mixon*, 2022 WL 1810615, at *5 (collecting cases); *see also Ford*, 2022 WL 1810614, at *4; *Doe*, 2022 WL 17663520, at *6 ("Here, the Court finds that providing proper storage and security of Plaintiff's confidential health information is a function related to the medical care Plaintiff received.").

41.     Salud's deemed federal status, which is irrevocable as to specified periods, affords "the same" immunity that an actual Public Health Services employee enjoys under 42 U.S.C. § 233(a).  *See* 42 U.S.C. § 2339(g)(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)"), (F) (providing that deemed status is "final and binding" on the United States and all parties to litigation).  Salud's federal defense is "colorable," to the say the least.  *See Mixon*, 2022 WL 1810615, at *2 (holding health center that was also a deemed

Public Health Service employee by HHS had a "colorable defense" under § 233(a) in data breach case).

**B.    Salud Reserves its Defenses and Rights.**

42.     As of the date of the filing of this Notice of Removal, no other proceedings have been had in the State Court action, and no hearings have been scheduled.

43.     Salud reserves all defenses, including, but not limited to lack of personal jurisdiction, insufficient process, service of process and all defenses to liability and class certification.  Salud does not concede that Plaintiff states any claim for relief, or that Plaintiff would be entitled to any relief.  Yet Plaintiff's claim, "whether well or ill-founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

44.     Salud reserves the right to amend or supplement this Notice of Removal as necessary.

**V.    CONCLUSION**

45.     For the reasons set forth above, Salud removes this action to the United States District Court for the District of Colorado.  Salud respectfully requests that this Court enter such orders as may be necessary to accomplish this removal and would further ask that the Colorado Juridical District Court of Weld County take no further action.

16

DATED:  January 6, 2022                          Respectfully submitted,

By:  _s/ *Julie A. Sullivan*_____
    Julie A. Sullivan
    Greenberg Traurig, LLC
    1144 15th St., Suite 3300
    Denver, CO 80202
    Tel.: (303) 685-7412
    Julie.Sullivan@gtlaw.com

    Christopher S. Dodrill
    Greenberg Traurig, LLC
    2200 Ross Ave., Suite 5200
    Dallas, TX 75201
    Tel.: (214) 665-3681
    Christopher.Dodrill@gtlaw.com

    *Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing NOTICE OF REMOVAL was served on all interested parties using this Court's ECF filing system this 6th day of January, 2023 and copy of such filing was emailed to the following:

Rick D. Bailey
Law Office of Rick D. Bailey, Esq.
1801 Broadway, Ste. 528
Denver, Colorado 80202
Email: rick@rickbaileylaw.com

Gary E. Mason (pro hac vice forthcoming)
Danielle L. Perry (pro hac vice forthcoming)
Lisa A. White (pro hac vice forthcoming)
MASON LLP
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: lwhite@masonllp.com

By: *s/ Julie A. Sullivan*
    Julie A. Sullivan
    *Attorney for the Defendant*